Jessie L. HAYES, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Nov. 23, 1983.

Jack Emory Farley, Public Advocate, Frankfort, Michael C. Davis, of counsel, Lexington, for movant.

Steven L. Beshear, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

This is an appeal from a judgment which enhanced appellant's sentence of two years imprisonment for knowingly receiving stolen property to five years upon conviction as a persistent felon, second degree. The

Court of Appeals affirmed the judgment, and we granted discretionary review. We affirm the decision of the Court of Appeals.

Appellant committed the offense of knowingly receiving stolen property on July 1, 1981. He was only 20 years old at that time. He reached the age of 21 years on July 13, 1981. He was indicted on October 19, 1981. Appellant contends his conviction as a persistent felony offender must be reversed because he was less than 21 years of age when he committed the underlying offense.

K.R.S. 532.080(2) provides:

"A persistent felony offender in the second degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of one (1) previous felony . . . ."

Appellant argues compellingly and with logic that in fulfilling the purposes for which the persistent felony offender legislation was enacted, the requirement that the accused be at least 21 years old must necessarily relate to the time the offense was committed rather than the time of trial. We concede the merit of the argument as a matter of policy.

The difficulty is that the language of the statute is plain and unambiguous. A person cannot be a persistent felony offender until he stands convicted of a second felony, and the statute provides that he is a persistent felony offender if at that time he is more than 21 years old. It makes no mention of age at the time of the commission of the second felony.

Appellant would have us rewrite the statute to read in effect that a person is a persistent felony offender in the 2nd degree who stands convicted of a felony committed after he became 21 years of age if he had been convicted previously of a felony.

We cannot take such liberties in construing a statute when the words used in the statute are not ambiguous, and the construction of the plain meaning of the words as written in the act does not reduce it to an absurdity.

The General Assembly may have simply intended that no one under the age of 21 years at the time of trial should be weighed down with an enhanced sentence as a persistent felony offender. If it is the intention of the legislature that no one who is less than 21 years of age at the time of the commission of a second felony should be proceeded against as a persistent felony offender, that intention should be expressed by the legislature in the statute.

The Judgment is affirmed.

GANT, AKER, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., did not sit.

LEIBSON, J., dissents by separate opinion, in which STEPHENS, C.J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. The majority's interpretation of KRS 532.080(2) permits the Commonwealth to change the penalty for the offense charged if the accused is under twenty-one years of age by waiting until the accused reaches his twenty-first birthday to indict and try him for the crime.

In this case, the time between the date of the principal offense and the accused's twenty-first birthday is relatively short. But the Court's approach herein would apply equally if the Commonwealth waited several years from the date of an offense for the accused to become twenty-one before indictment or trial so that a persistent felony offender charge could be added to the indictment.

To hold that appellant can be convicted as a persistent felon even though he was not twenty-one years old at the time of commission of the principal offense subjects him to enhanced punishment for attaining age twenty-one. This is unrelated to appellant's criminal liability. In these circumstances, enhancement becomes a function of the prosecutor's decision rather than a function of the appellant's status as a previously convicted felon at the time he committed the offense to be punished.

The crux of the problem is a misunderstanding of what the PFO statute punishes. The statute does not punish the status or condition of being a persistent felon *per se,* but simply provides a more severe punishment for the new offense (in this case receiving stolen property) that has been committed. Since it is the new offense that is being punished, it is the condition of the accused on the date of the new offense that is critical in deciding the punishment to which he is subject. Focusing on the accused's condition at the time of trial violates due process by punishing him for who he is, not for what he has done. cf. *Bouie v. Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1963).

The Commentary to the PFO statute states that it is intended to apply to "individuals who have achieved relative maturity." The Commentary further states:

> "(C)are must be taken to avoid a premature classification of an individual as an habitual criminal. The first requirement (that the offender be over twenty-one years of age) is directed toward this end."

The time of commission of the principal offense is the appropriate and logical time to determine whether "relative maturity" has been achieved. Both age and conduct are factors in determining whether the aim of incarceration is rehabilitation of the individual or protection of the public from persons deemed unlikely candidates for rehabilitation.

I do not agree that we would have to rewrite KRS 532.080(2) in order to reverse appellant's PFO conviction herein. The statute says the enhanced penalty for the offense charged applies to "a person who is more than twenty-one (21) years of age *and* who stands convicted," not *when* he stands convicted. It is as grammatical for the age requirement to apply to the time of the offense as to the time of trial, and a great deal more logical.

We should adhere to the rule of statutory construction contained in KRS 500.030 that "All provisions of (the penal code) shall be liberally construed according to the fair import of their terms, to promote justice, and to effect the objects of the law."

STEPHENS, C.J., joins in this dissent.